APPEAL,CLOSED,PROSE–PR,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–00729–CKK</u>

| | |
|---|---|
| PETRUCELLI v. DEPARTMENT OF JUSTICE | Date Filed: 02/02/2018 |
| Assigned to: Judge Colleen Kollar–Kotelly | Date Terminated: 10/15/2020 |
| Cause: 05:552 Freedom of Information Act | Jury Demand: None |
| | Nature of Suit: 550 Prisoner Petition: Civil Rights (Other) |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**JOHN A. PETRUCELLI**  represented by  **JOHN A. PETRUCELLI**
#52397–054
ALLENWOOD MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887
PRO SE

V.

**Defendant**

**DEPARTMENT OF JUSTICE**  represented by  **Jane M. Lyons**
U.S. ATTORNEY'S OFFICE for D.C.
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2540
Fax: (202) 252–2599
Email: jane.lyons@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian P. Hudak**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2549
Fax: (202) 252–2599
Email: brian.hudak@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Scott Leeson Sroka**
U.S. ATTORNEY'S OFFICE FOR THE

DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–7113
Fax: (202) 252–2599
Email: scott.sroka@usdoj.gov
*TERMINATED: 02/19/2020*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/02/2018 | | | **Initiating Pleading & IFP Application Received on 02/02/2018.** (zsb) (Entered: 04/17/2018) |
| 02/02/2018 | 1 | | COMPLAINT against DEPARTMENT OF JUSTICE filed by JOHN A. PETRUCELLI. (Attachment: # 1 Supplement)(zsb) (Entered: 04/17/2018) |
| 02/02/2018 | 2 | | MOTION for Leave to Proceed in forma pauperis by JOHN A. PETRUCELLI (zsb) (Entered: 04/17/2018) |
| 02/02/2018 | 3 | | PRISONER TRUST FUND ACCOUNT STATEMENT for period of six months by JOHN A. PETRUCELLI (Attachments: # 1 Declaration, # 2 Notice) (zsb) (Entered: 04/17/2018) |
| 05/03/2018 | 4 | | ORDER directing an initial partial filing fee in the amount of $69.73 from Prison Account of John A. Petrucelli and granting MOTION for Leave to Proceed In Forma Pauperis. FURTHER ORDERED that plaintiff is obligated hereafter to pay the USDC for the District of Columbia twenty percent of the preceding month's income credited to his prison account as continued partial payments on the remaining balance of the $350.00 filing fee. See order for full details. Signed by Judge Emmet G. Sullivan on 5/3/2018. (jd) (Entered: 05/07/2018) |
| 05/07/2018 | | | Case Assigned to Judge Colleen Kollar–Kotelly. Unassigned is no longer assigned to the case. (jd) (Entered: 05/07/2018) |
| 05/08/2018 | 5 | | SUMMONS (3) Issued as to DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General. (jd) (Entered: 05/08/2018) |
| 05/23/2018 | 7 | | SUPPLEMENTAL MEMORANDUM to re 1 Complaint filed by JOHN A. PETRUCELLI; ("LET THIS BE FILED as supplement to the complaint" signed 5/23/18 by Judge Colleen Kollar–Kotelly (ztd) Modified text on 6/1/2018 (ztd). (Entered: 05/30/2018) |
| 05/29/2018 | 6 | | NOTICE of Appearance by Scott Leeson Sroka on behalf of All Defendants (Sroka, Scott) (Entered: 05/29/2018) |
| 05/30/2018 | | | Partial Filing Fee Received from John A. Petrucelli in the amount of $63.73, receipt number: 4616091933. (ztd) (Entered: 05/31/2018) |
| 06/25/2018 | 8 | | ANSWER to 1 Complaint by DEPARTMENT OF JUSTICE.(Sroka, Scott) (Entered: 06/25/2018) |
| 07/03/2018 | 9 | | ORDER directing the defendant to file a dispositive motion or proposed schedule by July 20, 2018 (see document for details). Signed by Judge Colleen Kollar–Kotelly on 7/3/18.(ah) (Entered: 07/03/2018) |

| 07/03/2018 | | | Set/Reset Deadlines: Dispositive Motion or a Proposed Schedule due by 7/20/2018. (dot) (Entered: 07/05/2018) |
| --- | --- | --- | --- |
| 07/10/2018 | | | Partial Filing Fee Received from JOHN A. PETRUCELLI in the amount of $204.96, receipt number: 4616093467. (zrdj) (Entered: 07/11/2018) |
| 07/13/2018 | 10 | | PROPOSED BRIEFING SCHEDULE *and Status Report* by DEPARTMENT OF JUSTICE. (Sroka, Scott) (Entered: 07/13/2018) |
| 07/13/2018 | 11 | | STATUS REPORT by DEPARTMENT OF JUSTICE; (See docket entry no. 10 to view.) (ztd) (Entered: 07/13/2018) |
| 07/25/2018 | 12 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 07/30/2018) |
| 08/02/2018 | 13 | | ORDER setting briefing schedule (see document for details). Signed by Judge Colleen Kollar−Kotelly on 8/2/18.(ah) (Entered: 08/02/2018) |
| 08/02/2018 | | | Set/Reset Deadlines: Defendant's Summary Judgment Motion due by 10/5/2018. Response to Motion for Summary Judgment due by 11/30/2018. Reply to Motion for Summary Judgment due by 12/14/2018. (dot) (Entered: 08/02/2018) |
| 08/10/2018 | | | Partial Filing Fee Received from John A. Petrucelli in the amount of $4.80, receipt number: 4616094062. (tth) (Entered: 08/20/2018) |
| 10/09/2018 | 14 | | MOTION to Amend 1 Complaint by JOHN A. PETRUCELLI. "Leave to file GRANTED" as a Motion to Amend by Judge Colleen Kollar−Kotelly on 10/9/18. (ztl) (Entered: 10/11/2018) |
| 10/15/2018 | 15 | | MOTION to Vacate 13 Order by DEPARTMENT OF JUSTICE (Sroka, Scott) (Entered: 10/15/2018) |
| 10/15/2018 | 16 | | ORDER granting 14 Plaintiff's Motion to Amend the Complaint; granting 15 Defendant's Motion to Vacate the briefing schedule; directing Defendant to file its answer and to propose a schedule by October 23, 2018 (see attached document for details). Signed by Judge Colleen Kollar−Kotelly on 10/15/18.(ah) (Entered: 10/15/2018) |
| 10/15/2018 | | | Set/Reset Deadlines: Defendant shall Answer the Amended Complaint and to propose a schedule by 10/23/2018. (dot) (Entered: 10/17/2018) |
| 10/15/2018 | 17 | | Second AMENDED COMPLAINT against DEPARTMENT OF JUSTICE filed by JOHN A. PETRUCELLI. (See docket entry no. 14 to view.)(ztd) (Entered: 10/18/2018) |
| 10/23/2018 | 18 | | ANSWER to 17 Amended Complaint by DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit A)(Sroka, Scott) (Entered: 10/23/2018) |
| 10/31/2018 | 19 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 11/05/2018) |
| 11/01/2018 | | | MINUTE ORDER: The deadline for Defendant to propose a schedule to govern these FOIA proceedings, as was ordered on October 15, 2018, is ENLARGED to Friday, November 9, 2018. Signed by Judge Colleen Kollar−Kotelly on 11/1/18.(ah) (Entered: 11/01/2018) |
| 11/01/2018 | | | Set/Reset Deadlines: Defendant's propose schedule Status due by 11/9/2018. (dot) (Entered: 11/05/2018) |

3

| | | | |
|---|---|---|---|
| 11/09/2018 | 20 | | PROPOSED BRIEFING SCHEDULE by DEPARTMENT OF JUSTICE. (Sroka, Scott) (Entered: 11/09/2018) |
| 11/09/2018 | 21 | | STATUS REPORT by DEPARTMENT OF JUSTICE. (ztd); (See docket entry no. 20 to view.) (Entered: 11/09/2018) |
| 11/09/2018 | 22 | | MOTION for Judicial Notice, MOTION to Clarify by JOHN A. PETRUCELLI (ztd) Modified relief on 11/20/2018 (ztd). (Entered: 11/15/2018) |
| 11/14/2018 | | | Partial Filing Fee Received in the amount of $4.96, by John A. Petrucelli receipt number: 4161065444. (ztd) Modified on 11/20/2018 (ztd). (Entered: 11/20/2018) |
| 11/15/2018 | | | MINUTE ORDER: Upon consideration of defendant's Status Report and Proposed Briefing Schedule [Dkt. 20], the Court orders that Defendant's dispositive motion be filed on or before January 11, 2019; Plaintiff's opposition be filed on or before February 25, 2019; and Defendant's reply be filed on or before March 11, 2019. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 11/15/18.(ah) (Entered: 11/15/2018) |
| 11/15/2018 | | | Set/Reset Deadlines: Defendant's Dispositive Motion due by 1/11/2019. Response to Dispositive Motion due by 2/25/2019. Reply to Dispositive Motion due by 3/11/2019. (dot) (Entered: 11/15/2018) |
| 11/15/2018 | | | MINUTE ORDER denying as moot 22 Plaintiff's motion and proposal with regard to the next steps in these FOIA proceedings, in view of the separate order issued this same day setting briefing deadlines. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 11/15/18.(ah) (Entered: 11/15/2018) |
| 11/27/2018 | 23 | | ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR−KOTELLY. Signed by Judge Colleen Kollar−Kotelly on 11/27/2019. (DM) (Entered: 11/27/2018) |
| 12/18/2018 | | | Partial Filing Fee Received from JOHN A. PETRUCELLI in the amount of $4.20, receipt number: 4616095894. (zrdj) (Entered: 12/19/2018) |
| 12/28/2018 | 24 | | MOTION to Take Judicial Notice by JOHN A. PETRUCELLI (ztd) (Entered: 01/04/2019) |
| 01/07/2019 | 25 | | MOTION to Stay , MOTION for Extension of Time to *in Light of Lapse of Appropriations* by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Hudak, Brian) (Entered: 01/07/2019) |
| 01/17/2019 | | | Partial Filing Fee Received from JOHN A. PETRUCELLI in the amount of $61.35, receipt number: 4616096314. (zrdj) (Entered: 01/18/2019) |
| 02/01/2019 | | | MINUTE ORDER: It is ORDERED that 25 Defendant's Motion to Stay in light of the government shutdown is DENIED as moot, and 25 Defendant's Motion for an Extension of Time for briefing is GRANTED. The parties shall adhere to the following revised deadlines: Defendant's dispositive motion shall be filed on or before March 4, 2019; Plaintiff's opposition shall be filed on or before April 12, 2019; Defendant's reply shall be filed on or before April 26, 2019. Signed by Judge Colleen Kollar−Kotelly on 2/1/19. (ah) (Entered: 02/01/2019) |
| 02/01/2019 | | | Set/Reset Deadlines: Defendant's dispositive motion shall be filed on or before 3/4/2019; Plaintiff's opposition shall be filed on or before 4/12/2019; |

4

| | | | |
|---|---|---|---|
| | | | Defendant's reply shall be filed on or before 4/26/2019. (kt) (Entered: 02/01/2019) |
| 03/04/2019 | 26 | | MOTION for Extension of Time to File *Dispositive Motion* by DEPARTMENT OF JUSTICE (Sroka, Scott). Added MOTION to Modify on 3/4/2019 (ztd). (Entered: 03/04/2019) |
| 03/11/2019 | 27 | | Memorandum in opposition to re 26 MOTION for Extension of Time to File *Dispositive Motion* MOTION to Modify filed by JOHN A. PETRUCELLI. (ztd) (Entered: 03/13/2019) |
| 03/20/2019 | | | MINUTE ORDER: Finding good cause shown and no demonstrated prejudice to plaintiff, the Court hereby GRANTS over Plaintiff's objection 26 Defendant's motion for an extension of time and modification of the briefing schedule as follows: Defendant shall file its dispositive motion on or before April 3, 2019; Plaintiff shall file his opposition on or before May 3, 2019; Defendant shall file any reply on or before May 17, 2019. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 3/20/19. (ah) Modified on 3/20/2019 (ah). (Entered: 03/20/2019) |
| 03/20/2019 | | | Set/Reset Deadlines: Defendant's Dispositive Motion due by 4/3/2019. Response to Dispositive Motion due by 5/3/2019. Reply to Dispositive Motion due by 5/17/2019. (dot) (Entered: 03/20/2019) |
| 03/27/2019 | 28 | | NOTICE To The Court by JOHN A. PETRUCELLI (jf) (Entered: 03/29/2019) |
| 04/03/2019 | 29 | | MOTION for Extension of Time to *File Motion for Summary Judgment* by DEPARTMENT OF JUSTICE (Sroka, Scott) (Entered: 04/03/2019) |
| 04/12/2019 | 30 | | Memorandum in opposition to re 26 MOTION for Extension of Time to File *Dispositive Motion* MOTION to Modify, 29 MOTION for Extension of Time to *File Motion for Summary Judgment* filed by JOHN A. PETRUCELLI. (ztd) (Entered: 04/18/2019) |
| 05/03/2019 | 31 | | ORDER granting with caveat 29 the defendant's motion for an extension of time; modifying the briefing schedule as follows: Defendant's dispositive motion is due by June 17, 2019; Plaintiff's opposition is due by July 31, 2019; Defendant's reply is due by August 12, 2019. Signed by Judge Colleen Kollar−Kotelly on 5/3/19.(ah) (Entered: 05/03/2019) |
| 05/03/2019 | | | Set/Reset Deadlines: Defendant's Dispositive Motion due by 6/17/2019. Response to Dispositive Motions due by 7/31/2019. Reply to Dispositive Motions due by 8/12/2019. (dot) (Entered: 05/06/2019) |
| 06/17/2019 | 32 | | MOTION for Summary Judgment *and Supporting Memorandum* by DEPARTMENT OF JUSTICE (Attachments: # 1 Statement of Facts, # 2 Declaration of Michelle Wirth, # 3 Exhibit to Wirth Declaration, # 4 Exhibit Wirth Vaughn Index, # 5 Declaration of Lee−Anne Eichensehr, # 6 Exhibit to Eichensehr Declaration, # 7 Exhibit Eichensehr Vaughn Index, # 8 Declaration of Natasha Hudgins, # 9 Exhibit to Hudgins Declaration)(Sroka, Scott) (Entered: 06/17/2019) |
| 06/25/2019 | 33 | | Order advising plaintiff to respond to defendant's motion for summary judgment by the scheduled deadline of July 31, 2019, or risk entry of judgment in favor of the defendant based on its factual assertions supporting the motion (see document for details). Signed by Judge Colleen Kollar−Kotelly on |

5

|            |    |   |                                                                                                                                                                                                                      |
|------------|----|---|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    |   | 6/25/19.(ah) (Entered: 06/25/2019)                                                                                                                                                                                   |
| 06/27/2019 | 34 |   | NOTICE To The Court by JOHN A. PETRUCELLI (Attachments: # 1 Exhibit)(jf) (Entered: 06/28/2019)                                                                                                                       |
| 06/28/2019 | 35 |   | NOTICE to the Court by JOHN A. PETRUCELLI (jf) (Entered: 07/02/2019)                                                                                                                                                 |
| 07/18/2019 | 36 |   | RESPONSE re 32 MOTION for Summary Judgment filed by JOHN A. PETRUCELLI. (Attachments: # 1 Exhibit A−C)(ztd) Modified event title and link on 7/30/2019 (znmw). (Entered: 07/24/2019)                                  |
| 07/27/2019 | 38 |   | SUPPLEMENTAL MEMORANDUM to re 36 Response to Order of the Court filed by JOHN A. PETRUCELLI. (ztd); ("Leave to file supplemental documents Granted" signed 7/27/19 by Judge Colleen Kollar−Kotelly) (Entered: 08/01/2019) |
| 07/30/2019 | 37 |   | AFFIDAVIT by JOHN A. PETRUCELLI. (ztd) (Entered: 08/01/2019)                                                                                                                                                         |
| 08/08/2019 | 41 |   | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 08/13/2019)                                                                                                                                                             |
| 08/12/2019 | 39 |   | MOTION for Extension of Time to File Response/Reply as to 32 MOTION for Summary Judgment *and Supporting Memorandum* by DEPARTMENT OF JUSTICE (Sroka, Scott) (Entered: 08/12/2019)                                    |
| 08/12/2019 | 40 |   | NOTICE by JOHN A. PETRUCELLI (ztd); ("Leave to file Granted" signed 8/12/19 by Judge Colleen Kollar−Kotelly) (Entered: 08/13/2019)                                                                                    |
| 08/22/2019 |    |   | MINUTE ORDER granting 24 Plaintiff's Motion to Take Judicial Notice. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 8/22/19.(ah) (Entered: 08/22/2019)                                                         |
| 08/26/2019 | 42 |   | MOTION for Extension of Time to File Response/Reply as to 32 MOTION for Summary Judgment *and Supporting Memorandum* by DEPARTMENT OF JUSTICE (Sroka, Scott) (Entered: 08/26/2019)                                    |
| 09/03/2019 |    |   | MINUTE ORDER granting nunc pro tunc 39 Defendant's Motion for an Extension of Time to File Reply; granting 42 Defendant's Motion for an Extension of Time to September 9, 2019, to File Reply. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 9/3/19.(ah) (Entered: 09/03/2019) |
| 09/03/2019 |    |   | Set/Reset Deadlines: Defendant's Reply due by 9/9/2019. (kt) (Entered: 09/03/2019)                                                                                                                                   |
| 09/05/2019 | 44 |   | Memorandum in opposition to re 42 MOTION for Extension of Time to File Response/Reply as to 32 MOTION for Summary Judgment *and Supporting Memorandum* filed by JOHN A. PETRUCELLI. (ztd) (Entered: 09/09/2019)      |
| 09/09/2019 | 43 |   | MOTION for Extension of Time to File Response/Reply as to 32 MOTION for Summary Judgment *and Supporting Memorandum* by DEPARTMENT OF JUSTICE (Sroka, Scott) (Entered: 09/09/2019)                                    |
| 09/11/2019 | 45 |   | Civil Statement from Plaintiff. (ztd) (Entered: 09/12/2019)                                                                                                                                                          |
| 09/23/2019 | 46 |   | REPLY to opposition to motion re 32 MOTION for Summary Judgment *and Supporting Memorandum* filed by DEPARTMENT OF JUSTICE. (Sroka, Scott) (Entered: 09/23/2019)                                                      |
| 10/04/2019 | 47 |   |                                                                                                                                                                                                                      |

| | | | |
|---|---|---|---|
| | | | NOTICE by JOHN A. PETRUCELLI (Attachments: # 1 Exhibit)(ztd) (Entered: 10/09/2019) |
| 10/11/2019 | 48 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 10/15/2019) |
| 10/31/2019 | 49 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 11/01/2019) |
| 11/04/2019 | 50 | | MOTION for Leave to File by JOHN A. PETRUCELLI (ztd); ("Leave to file Granted as a motion to file surreply" signed 11/4/19 by Judge Colleen Kollar–Kotelly) (Entered: 11/06/2019) |
| 11/18/2019 | 51 | | MOTION to Take Judicial Notice by JOHN A. PETRUCELLI (ztd) (Entered: 11/20/2019) |
| 11/21/2019 | 52 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 11/22/2019) |
| 01/02/2020 | 53 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 01/08/2020) |
| 01/21/2020 | 54 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 01/24/2020) |
| 02/11/2020 | | | MINUTE ORDER granting nunc pro tunc 43 Defendant's motion for an extension of time to file its reply. SO ORDERED. Signed by Judge Colleen Kollar–Kotelly on 2/11/20.(ah) (Entered: 02/11/2020) |
| 02/19/2020 | 55 | | NOTICE OF SUBSTITUTION OF COUNSEL by Jane M. Lyons on behalf of DEPARTMENT OF JUSTICE Substituting for attorney Scott Leeson Sroka (Lyons, Jane) (Entered: 02/19/2020) |
| 02/20/2020 | 56 | | Civil Statement from Plaintiff. (ztd) (Entered: 02/21/2020) |
| 03/16/2020 | 57 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 03/17/2020) |
| 03/20/2020 | 58 | | ORDER granting in part and denying in part 32 Defendant's Motion for Summary Judgment for the reasons stated in the Memorandum Opinion issued separately this day; directing the defendant to supplement the record as to EOUSA by May 20, 2020. Signed by Judge Colleen Kollar–Kotelly on 3/20/20.(ah) (Entered: 03/20/2020) |
| 03/20/2020 | 59 | | MEMORANDUM OPINION accompanying Order issued separately this day. Signed by Judge Colleen Kollar–Kotelly on 3/20/20.(ah) (Entered: 03/20/2020) |
| 05/14/2020 | 60 | | MOTION for Extension of Time to File *Supplement* by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Hudak, Brian) (Entered: 05/14/2020) |
| 05/26/2020 | 61 | | Memorandum in opposition to re 60 MOTION for Extension of Time to File *Supplement* filed by JOHN A. PETRUCELLI. (ztd) (Entered: 05/28/2020) |
| 07/02/2020 | | | MINUTE ORDER granting 60 Defendant's contested motion for an extension of time to July 2, 2020, to supplement the record in this FOIA case. Plaintiff has shown no prejudice to granting the extension, nor is any apparent from the record. SO ORDERED. Signed by Judge Colleen Kollar–Kotelly on 7/2/20.(ah) (Entered: 07/02/2020) |
| 07/02/2020 | 62 | | MOTION for Summary Judgment *(Renewed)* by DEPARTMENT OF JUSTICE (Attachments: # 1 Statement of Facts (Supplemental), # 2 Declaration of Darian Hodge, # 3 Text of Proposed Order)(Lyons, Jane) (Entered: 07/02/2020) |

| | | | |
|---|---|---|---|
| 07/02/2020 | 63 | | CERTIFICATE OF SERVICE by DEPARTMENT OF JUSTICE re 62 MOTION for Summary Judgment *(Renewed)* . (Lyons, Jane) (Entered: 07/02/2020) |
| 07/06/2020 | 64 | | Order advising plaintiff to respond by August 28, 2020, to defendant's renewed motion for summary judgment or risk entry of judgment in the movant's favor and dismissal of the case (see document for details). Signed by Judge Colleen Kollar−Kotelly on 7/6/20.(ah) (Entered: 07/06/2020) |
| 07/06/2020 | | | Set/Reset Deadlines: Plaintiff's Response to 62 Motion for Summary Judgment due by 8/28/2020. (dot) (Entered: 07/06/2020) |
| 08/07/2020 | 65 | | NOTICE by JOHN A. PETRUCELLI (ztd); ("Leave to File this Notice is GRANTED" by Judge Colleen Kollar−Kotelly) (Entered: 08/09/2020) |
| 09/01/2020 | 66 | | MOTION for Extension of Time to File Response/Reply by DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lyons, Jane) (Entered: 09/01/2020) |
| 09/01/2020 | | | MINUTE ORDER granting 66 Defendant's Motion for an Extension of Time to September 30, 2020, to file Reply. SO ORDERED. Signed by Judge Colleen Kollar−Kotelly on 9/1/20.(psu1) (Entered: 09/01/2020) |
| 09/01/2020 | | | Set/Reset Deadlines: Reply to 62 Renewed Motion for Summary Judgment due by 9/30/2020. (dot) (Entered: 09/02/2020) |
| 09/01/2020 | 67 | | AFFIDAVIT by JOHN A. PETRUCELLI. (ztd) (Entered: 09/03/2020) |
| 09/01/2020 | 68 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 09/03/2020) |
| 09/01/2020 | 69 | | Memorandum in opposition to re 62 MOTION for Summary Judgment *(Renewed)* filed by JOHN A. PETRUCELLI. (ztd) (Entered: 09/03/2020) |
| 09/23/2020 | 70 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 09/30/2020) |
| 09/30/2020 | 71 | | REPLY to opposition to motion re 62 MOTION for Summary Judgment *(Renewed)* filed by DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration of John E. Wallace)(Lyons, Jane) (Entered: 09/30/2020) |
| 10/02/2020 | 72 | | NOTICE by JOHN A. PETRUCELLI (ztd); ("Leave to file this Notice is GRANTED. No further notices will be permitted before the Court's resolution of the pending dispositive motion. SO ORDERED." signed by Judge Colleen Kollar−Kotelly on 10/2/2020) (Entered: 10/04/2020) |
| 10/05/2020 | 73 | | NOTICE by JOHN A. PETRUCELLI (ztd) (Entered: 10/06/2020) |
| 10/13/2020 | 76 | | Civil Statement from Plaintiff. (ztd) (Entered: 10/16/2020) |
| 10/15/2020 | 74 | | ORDER granting 62 Defendant's Renewed Motion for Summary Judgment and entering judgment in favor of defendant, for the reasons stated in the Memorandum Opinion issued separately this day. Signed by Judge Colleen Kollar−Kotelly on 10/15/20.(psu1) (Entered: 10/15/2020) |
| 10/15/2020 | 75 | | MEMORANDUM OPINION accompanying the final order issued separately this day. Signed by Judge Colleen Kollar−Kotelly on 10/15/20.(psu1) (Entered: 10/15/2020) |
| 10/15/2020 | 77 | | |

8

|  |  |  | LEAVE TO FILE DENIED– Plaintiff's Notice to the Court This document is unavailable as the Court denied its filing.. Signed by Judge Colleen Kollar–Kotelly on 10/15/2020. (ztd) (Entered: 10/16/2020) |
|---|---|---|---|
| 11/02/2020 | 78 |  | NOTICE OF APPEAL as to 74 Order on Motion for Summary Judgment, 75 Memorandum & Opinion by JOHN A. PETRUCELLI. Fee Status: No Fee Paid. Parties have been notified. (ztd) (Entered: 11/09/2020) |

U.S Court OF APPEALS
District of Columbia Circuit
333 Constitution Ave NW
Washington. D.C 20001-2866

Date: 10-27-20



John Petrucelli - Reg# 52397-054
Allenwood F.C.I Medium
P.O BOX 2000
WhiteDeer, PA 17887

USCA Case #20-5339    Document #1871417    Filed: 11/16/2020    Page 10 of 20

Dear clerk,

Today being Oct 27, 2020. I would like to file a NOTICE OF APPEAL. I received my Judges MEMORANDUM OPINION, Monday night Oct 26, 2020. I am a prisoner and our facility is locked-down because of Covid-19 outbreaks.

I do not want to miss a deadline for filing a APPEAL. My case was CA. 18-0729 (CKK) District Court for Columbia. The order is dated Oct. 15 2020. I believe the mail is delayed due to, most likely, the election. Please make a note of my concerns. 30 Days is the time period to file an appeal after a denial.?

sincerely, John Petrucelli

INMATE NAME/NUMBER: John Petrucelli Reg# 52397-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD Medium
P.O. BOX 2000
WHITE DEER, PA 17887

HARRISBURG PA 171
28 OCT 2020 PM 1 L



CLERKS OFFICE
U.S Court of Appeals
District of Columbia circuit
333 Constitution Ave N.W
Washington, D.C 20001-2866

20001-286699

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **John A. Petrucelli,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-0729 (CKK) |
| | : | |
| **Department of Justice,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff brought this action *pro se* to compel records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from Department of Justice ("DOJ") components Bureau of Prisons ("BOP") and Executive Office for United States Attorneys ("EOUSA"). On March 20, 2020, the Court granted DOJ's motion for summary judgment as to BOP and denied the motion as to EOUSA without prejudice and with leave to supplement the record. Order [Dkt. # 58]; *see* Mem. Op. at 13 [Dkt. # 59] ("Mem. Op. I") (finding insufficient evidence on EOUSA's search for responsive records). Pending before the Court is DOJ's Renewed Motion for Summary Judgment [Dkt. # 62], which plaintiff has opposed [Dkt. # 69]. For the reasons explained below, the motion will be granted.

### I. BACKGROUND

As before, the Court is compelled "to identify the issues that are properly before it." Mem. Op. I at 6. In his opposition, plaintiff discusses matters unrelated to this supplemental record and this case. In the "Preliminary Statement," for example, plaintiff asserts that "EOUSA arbitrarily and capriciously withheld information under FOIA Exemptions 6, 7(c), and 7(f) in response to [his] various FOIA requests," Opp'n at 6, even though the remainder of this case

1

does not concern the withholding of information.[1] The Court reiterates that it will not consider matters "beyond the scope of this litigation." Mem. Op. I at 1-2. Solely at issue is EOUSA's processing of the following two requests.

<u>Request Number 2017-00301</u>

In a letter to EOUSA dated October 24, 2016, plaintiff requested "copies of the untranscribed transcripts and tape recording of [his] criminal trial arraignment," which occurred on February 1, 2002, in the U.S. District Court for the Southern District of New York ("SDNY"). Decl. of Natasha Hudgins, Ex. A [Dkt. # 32-9 at 1]. By letter of November 28, 2016, EOUSA acknowledged the request as seeking first-party records and public records and extended the statutory response time based on its assessment of "unusual circumstances[.]" *Id*., Ex. B.

By letter of November 16, 2017, EOUSA informed plaintiff that a search of the U.S. Attorney's Office for the SDNY for "a tape recording of your arraignment" had located no responsive records. "That record," EOUSA explained, "is maintained at the courthouse where you were arraigned and not at the U.S. Attorney's Office for the Southern District of New York. Furthermore, the District does not have a transcript of your arraignment, which is all that we would have been able to provide to you." *Id*., Ex. C. DOJ's Office of Information Policy affirmed EOUSA's decision by letter of March 16, 2018. *Id.*, Ex. D.

<u>Request Number 2018-002349</u>

In a letter to EOUSA dated January 21, 2018, plaintiff requested "copies of all payments made by me to [the] U.S. Attorney's Office of the Southern District," including "the dates they were made and the amount of each." Hudgins Decl., Ex. E. By letter of July 3, 2018, EOUSA

---

[1] The page citations are the numbers automatically assigned by the electronic case filing system.

2

released "two pages . . . in full" and informed plaintiff that "the official records regarding restitution payments are judicial records, and can be retrieved from the Court where the proceedings took place." *Id.*, Ex. I.

In this Court's initial proceedings, plaintiff questioned EOUSA's search for "audio tapes." Mem. Op. I at 13 (quoting Petrucelli Second Decl. ¶ 4 [Dkt. # 36 at 24]). The "sparse information" in EOUSA's declaration precluded a proper examination of the search. *Id.*; *see id.* at 7-8 (discussing review standard at summary judgment phase). DOJ has supplemented the record with the Declaration of Darian Hodge, FOIA Officer for the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), who has been that office's "point of contact" with EOUSA "since 2014." Supp. Hodge Decl. ¶ 1 [Dkt. # 62-2].

## II. LEGAL STANDARD

At this stage of the proceedings, EOUSA "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The Court may rely on EOUSA's declaration if it is "reasonably detailed," sets "forth the search terms and the type of search performed," and avers "that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby,* 920 F.2d at 68) (internal quotation marks omitted)). Such declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). "Once an agency has made a prima facie showing of adequacy, the burden shifts to the plaintiff to provide countervailing evidence . . .

3

sufficient to raise substantial doubt concerning the adequacy of the agency's search." *Rodriguez v. U.S. Dep't of Def.*, 236 F. Supp. 3d 26, 35 (D.D.C. 2017) (internal citation omitted).

Summary judgment is inappropriate if "the record leaves substantial doubt as to the sufficiency of the search[.]" *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (footnote and citations omitted). Substantial doubt may arise from, among other things, an agency's failure "to follow through on obvious leads to discover requested documents." *Valencia-Lucena*, 180 F.3d at 325 (citation omitted); *see id*. at 327 (finding grant of summary judgment inappropriate where the Coast Guard had informed the requester that additional responsive records "may be located" at the federal records center in Georgia but declined to search that location).

### III.  DISCUSSION

<u>Request Number 2017-00301</u>

Hodge states that in response to this request for a recording of plaintiff's arraignment, he "performed electronic searches in Lexis CourtLink (a public access platform for court electronic records) using the search term 'Petrucelli' in all possible permutations with 'John' 'John A.' 'John Anthony,' and the Lexis CourtLink results included the case number contained in FOIA Request 2017-301, Crim. No. 1:02-cr-99." Supp. Hodge Decl. ¶ 4 (parenthesis in original). Using the case number, Hodge then searched CaseView, which is "a district specific electronic database containing information about all of the cases (civil and criminal) handled by the SDNY." *Id*. Hodge discovered "that USAO-SDNY had sent sixteen boxes of records associated with 1:02-cr-99 to the Federal Records Center on 11/28/2011," which he retrieved utilizing "the accession number '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' placed on each of the sixteen boxes before they were sent to the Federal Records Center." *Id*. Based on the terms of the FOIA request "and the policies and

4

procedures followed by the USAO-SDNY for compiling official records for matters," Hodge "determined that the only location likely to contain an audio recording or transcript of the arraignment in criminal case 1:02-cr-99 was the case files that had been sent to the Federal Records Center in November 2011." *Id*.

After retrieving the sixteen boxes from the Federal Records Center, Hodge "searched each file in each box by hand" and "looked for any storage medium that might contain an audio recording," such as "a cassette tape or a microcassette tape." *Id*. ¶ 5. He also "searched for any optical storage media including CDs, and DVDs" and "examined each record to determine if it was, or included, a transcript of a court proceeding." *Id*. Hodge's supervisor "also reviewed the boxes looking for audio tapes and court transcripts." *Id*. Neither "located any audio recordings in any of the sixteen boxes," and the transcripts found were not of plaintiff's arraignment. *Id*. In addition, neither Hodge nor his supervisor saw "any indication that any order was placed by the USAO-SDNY for reproduction of the audio or preparation of a transcript of the arraignment." *Id*.

On April 17, 2017, Hodge emailed plaintiff's FOIA request to two Assistant United States Attorneys ("AUSA") assigned to "matters involving Plaintiff's filing of petitions under 28 U.S.C. § 2255," asking "if their files contained either an audio recording or a transcript of Plaintiff's arraignment." *Id*. ¶ 6. He "received an e-mail back from one of the AUSA, which copied the other AUSA, indicating that they did not know of any records responsive to Plaintiff's FOIA Request 2017-301." *Id*.

In response to this lawsuit, Hodge and his supervisor "again carefully, and independently of each other, reviewed the contents of the sixteen boxes of records from the SDNY's

prosecution of the Plaintiff" but "did not locate either an audio recording or a transcript of Plaintiff's arraignment." *Id.* ¶ 7.

Finally, Hodge prompted a search by the USAO-SDNY Systems Division of "all of the active computer network files using the search terms 'Petrucelli' in all possible permutations with 'John' 'John A.' 'John Anthony,'" which identified no responsive records, *id.* ¶ 8, and he "reviewed agency records involving other FOIA requests the Plaintiff had submitted in the past seeking records from USAO-SDNY in his criminal case," *id.* ¶ 9.

Hodge cites two revealing documents. First, in the FOIA request at issue, plaintiff wrote: "I attempted to obtain these materials via court reporter Acti28-753. I was given a tape my arraignment was not on. I have no other avenue to use other than FOIA." Supp. Hodge Decl., Ex. A. Although Hodge did not recognize the purported identifier "as referring to or identifying any records within the SDNY," he "ran" it "as a search term in CaseView, which did not return any results." Supp. Hodge Decl. ¶ 9. Second, in an Affidavit, a licensed New York State Private Investigator recounts his visit to the federal courthouse on June 9, 2014, where he "obtained from courtroom technology unit personnel" the audio cassette recording of the February 1, 2002 "federal court arraignment proceeding pertaining to" plaintiff. Supp. Hodge Decl., Ex. B. The investigator "listened to [the recording] for any conversations, references and/or discussions related to . . . Mr. John Petrucelli" but "was unable to distinguish [] such conversations, references and/or discussions relating to Mr. John Petrucelli." *Id.* This led Hodge to surmise reasonably "that the district court's files do not contain an audio recording of Plaintiff's arraignment." Supp. Hodge Decl. ¶ 10.

Plaintiff counters that "Hodge made no mention of searching for the transcript with the Court Reporter for the Southern District Reporters," Opp'n at 15, and "shows no attempt to

6

17

retrieve these documents or records from either Court Reporters, Courtroom Technology, or PACER[,]" *id*. at 16.  Plaintiff misapprehends FOIA, however.  Apart from the fact that federal courts, which employ court reporters and manage PACER, "are exempt from the reach of FOIA," *Byers v. United States Tax Court*, 211 F. Supp. 3d 240, 245 (D.D.C. 2016) (citing cases), FOIA imposes no duty on EOUSA to produce records that it did not maintain, possess, nor control at the time of the request.  *See Judicial Watch, Inc. v. U.S. Secret Serv*., 726 F.3d 208, 216-18 (D.C. Cir. 2013) (describing the scope of "agency records" subject to FOIA disclosure); *Yeager v. Drug Enf't Admin*., 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request" or "to obtain or regain possession of a record in order to satisfy a FOIA request."); *see also Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1343-44 (Fed. Cir. 2020) (discussing the Judicial Conference's inception of PACER, which is "used today for online access to federal court dockets and case records" and operates as one of the federal judiciary's "self-funded services").

In contrast to plaintiff's assertion that "[d]efendant did a limited search," Opp'n at 14, the supplemental declaration establishes that EOUSA searched "all places likely to contain records responsive to FOIA Request 2017-301" and  exhausted "all obvious leads."  Supp. Hodge Decl. ¶ 11.  Therefore, the Court will now grant summary judgment to defendant on the adequacy of EOUSA's search for the requested recording and/or transcript of plaintiff's arraignment.

Request Number 2018-002349

In response to plaintiff's request for records pertaining to his restitution payments, Hodge "identified the Financial Litigation Unit ("FLU") as [ ] the only part of the office likely to have any responsive records because the FLU maintains a database" of  "information obtained from

the U.S. District Court for the Southern District of New York about restitution payments made pursuant to judgments of convictions entered in criminal cases." Supp. Hodge Decl. ¶ 13. Restitution payments are made "directly to the district court, and the USAO-SDNY does not maintain any paper records or files concerning restitution payments." *Id*. Nevertheless, "a data analyst in the FLU created and formatted a report using information about Plaintiff's restitution payments from the FLU database." *Id*. ¶ 14. On July 3, 2018, EOUSA provided plaintiff an unredacted "list of [his] restitution payments between January 10, 2011 and March 10, 2018." *Id*. & Ex. C. Therefore, any claim arising from plaintiff's request for restitution payment records is moot. *See Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016) (noting that "once all the documents are released to the requesting party, there no longer is any case or controversy" as to those documents).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that EOUSA has satisfactorily discharged its obligations under FOIA. A separate judgment accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 15, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **John A. Petrucelli,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 18-0729 (CKK) |
| | : | |
| **Department of Justice,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion and in the Memorandum Opinion of March 20, 2020, it is

**ORDERED** that Defendant's Renewed Motion for Summary Judgment [Dkt. # 62] is **GRANTED**; it is

**FURTHER ORDERED** that judgment is entered for Defendant on all claims, and this case is closed.

This is a final appealable Order.

　　　　　　　　　　　　　　　　　　_____s/s_____
　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　United States District Judge

DATE: October 15, 2020